## SPENCE *vs.* HOLMAN.

1. In an action for recovery of negroes under the Act of December 27th, 1847, the jury returned a verdict for the specific property sued for: *Held*, That the verdict in that form of action was a proper finding.
2. It is not error in the Court to grant a rule *ni si* for a new trial.

Motion to recover Negroes, in Randolph Superior Court. Tried before Judge LAMAR, at the May Term, 1860.

B. S. WORRILL and E. H. BEALL, for plaintiff in error.

DOUGLASS & DOUGLASS, *contra*.

*By the Court.*—LYON, J., delivering the opinion.

Richard H. Spence commenced suit under the statutory form of action prescribed by the Act of December 27th, 1847, against David Holman for the recovery of five negroes, returnable to the Superior Court of Randolph county. On the trial, the cause was submitted to the jury, with the agreement of the parties, that when the jury had agreed on the verdict, they might either retain it until the next morning, or deliver it to the Clerk of the Court. The jury agreed upon, and signed, by their foreman, the following verdict:

" We, the jury, find for plaintiff return of the negroes and five hundred dollars for the hire of said negroes.

(Signed)          "A. A. GAMBLE, Foreman," delivered the same to the Clerk of the Court, and dispersed. The Court, on motion, set aside the verdict, and declared a mistrial, on the ground that the form of the verdict was illegal; that is, that the recovery was for the negroes specifically, instead of the value thereof.

To which judgment plaintiff excepted.

We think the verdict under the statute was a proper finding, and ought to have been so taken and held by the Court. The language of the statute authorizing this form of action is in these words: " The form of action for the recovery of personal property may be as follows, to-wit: That form of action the plaintiff has thought proper to follow, and under it, he is entitled to recover the property specifically sued for.

It was for that the remedy was given, if we are to judge of the intention of the Legislature from the words used, and we must do so when they are plain and unambiguous; and these in this statute are so. This form of action was not intended to take the place of the action of trover or other forms of action, but the plaintiff was left at liberty to follow it or any other form known to the law. It must, therefore, be governed by rules peculiar to itself, and the leading one is, that the recovery is to follow and be controlled by the statute; and the recovery in this case was of the property sued for, and therefore good.

We are aware that the profession has not given this construction to the Act, but these are its words, and by them the Court must be governed.

2. Counsel for the defendant, out of the abundance of caution, or apprehending that the verdict, as rendered, might be deemed a compliance with the statute, moved the Court for a rule *ni si*, calling on the plaintiff to show cause why a new trial should not be granted in said cause. This the Court allowed, and defendant excepted. There was no error in the granting of the rule *ni si*, at least the plaintiff's rights were not affected by it, and the question involved in it will all more properly be considered on the hearing to make the rule absolute.

The two questions made were brought up by different bills of exceptions, but tried together. In the one, excepting to the judgment setting aside the verdict, the judgment is reversed, and in the other the judgment must stand affirmed.